IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 122-055 |
| | * | |
| CONWAY JAMES RHINEHART | * | |

O R D E R

Presently before the Court is Defendant Conway James Rhinehart's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the United States Sentencing Guidelines. Defendant has appealed his conviction and sentence to the Eleventh Circuit Court of Appeals. Accordingly, this Court is without jurisdiction to modify his sentence. See United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) ("The filing of a notice of appeal . . . divests the district court of its control over the aspects of the case involved in the appeal."). For this reason, Defendant's motion for reduction of sentence (doc. 118) is **DISMISSED WITHOUT PREJUDICE.**

Upon review, the Court is constrained to note that Defendant was sentenced under the 2023 United States Sentencing Guidelines Manual, which had incorporated the changes from Amendment 821. More particularly, this Defendant received a two-level reduction

to his offense level based upon his zero-point status.[1] (Presentence Investigation Report, Doc. 101, ¶ 55 (citing U.S.S.G. § 4C1.1(a) and (b)).)

**ORDER ENTERED** at Augusta, Georgia, this 13th day of June, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defendant believes he was not given the two-level reduction as a zero-point offender because he was given a two-level reduction under the "safety valve" provision in U.S.S.G. § 2D1.1(b)(18). This is simply not true. Defendant's base offense level of 32 was reduced by both the zero-point offender status and the safety valve provision, resulting in an offense level of 28, but he received a two-point adjustment for obstruction of justice. Thus, his total offense level was 30. An adjusted offense level of 30 with a criminal history category of I results in a guideline range of 97 to 121 months. Defendant was appropriately sentenced within the guideline range to 108 months imprisonment.

Also, Defendant's contention that the Government argued that he should not be given both reductions is incorrect. The Government argued at sentencing that Defendant should not receive both the safety valve reduction and a reduction for acceptance of responsibility. (Sentencing Tr., Doc. 115, at 4.) The Court agreed and found that Defendant's conduct did not support both adjustments. (Id.)